IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

  vs.                                       CIVIL NO. 07-372 MCA/LFG
                                              CRIM. NO. 03-2486 MCA

GERARDO CORCHADO,

        Defendant-Movant.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

1.  This is a proceeding on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed April 16, 2007.  Movant Gerardo Corchado ("Corchado") attacks the sentence entered by the United States District Court for the District of New Mexico in United States v. Corchado, No. CR 03-2486 MCA.  After obtaining an extension of time to respond, the Government filed its Answer [Doc. 7] on June 7, 2007.  Corchado filed his Reply [denoted "Traverse," Doc. 12] on July 12, 2007.  For the reasons given below, the Court recommends that Corchado's Motion to Vacate be denied.

### Factual and Procedural Background

2.  On December 11, 2003, Corchado was indicted on two counts of Distribution of less than

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations.  If no objections are filed, no appellate review will be allowed.

100 grams of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of Employment and use of a person under 18 years of age in a drug-related offense, in violation of 21 U.S.C. §§ 861(a)(1) and 861(b).  [Doc. 9 in CR 03-2486].

3.  Corchado pled not guilty to the three counts and went to trial in April 2004.  At trial, he took the stand and denied that he committed the offenses charged, stating that the person who actually sold the drugs to the undercover officer was his half-brother, Francisco who was 15 years old at the time.  He also testified that the voice on the undercover officer's tape of the transaction was not his, but Francisco's.

4.  The undercover officer who participated in the two drug transactions testified at trial that the person who sold him the drugs, and whose voice appeared on the tape, was Corchado.  In addition, the DEA agent who interviewed Corchado following his arrest testified that in his opinion, it was Corchado's voice on the tape made by the undercover officer.  On the other hand, Corchado's family members, including two of his brothers and his mother, testified that the voice on the tapes was not Corchado's but instead was Francisco's.  Francisco himself testified that it was he, and not Corchado, who conducted the heroin transactions at issue in this case.

5.  The family witnesses, particularly Francisco, were vigorously cross-examined.  The jury chose to believe the officers' testimony and did not believe Corchado's or Francisco's.  The jury, as the finder of facts, is entitled to credit or discredit any witness's testimony.  They returned a verdict of guilty on all three counts on April 16, 2004.  [Doc. 52 in CR 03-2486].

6. Sentencing was set for July 8, 2004, and a presentence report was ordered.  In the report, the probation officer calculated a base level offense of 26 for all three counts, based on U.S.S.G. § 2D1.2 (which provides a base level of 26 if the offense involved a person less than 18 years of age),

and a two-level enhancement to the offense level for obstruction of justice under U.S.S.G. §3C1.1, based on Corchado's having lied under oath at trial. This would result in a total offense level of 28.

7. On July 1, 2004, Corchado filed Objections [Doc. 59 in CR 03-2486] to the proposed two-level enhancement for obstruction of justice, citing Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) (which had just been decided on June 24, 2004). Corchado argued that the proposed enhancement was based on facts neither admitted by Corchado nor found by a jury and thus violated his Sixth Amendment right to trial by jury.

8. The sentencing hearing was postponed, and the parties briefed the Blakely issue which Corchado raised in his Objections. The rescheduled sentencing hearing took place on October 7, 2004. The presentence report was modified to include an Addendum recalculating Corchado's sentence in light of the Blakely decision, noting that if Blakely were to be held applicable to the federal Sentencing Guidelines, then the two-level enhancement for obstruction of justice should be eliminated, resulting in a total offense level of 26 and a Guideline range of 70-87 months.

9. The trial judge, the Hon. M. Christina Armijo, sentenced Corchado to 87 months imprisonment on each of the three counts, the sentences to run concurrently. The Guideline range used was 87 to 108 months or, alternatively, 70 to 87 months, with Judge Armijo stating she would sentence Corchado to 87 months regardless of which range was considered:

> That is the sentence that I would impose applying the pre-sentence report factual findings and guideline applications and considering those, but it would also be the same sentence I would impose even considering the application of Blakely as an alternative sentence. The high end of the range, if I were to apply Blakely as an alternative sentence, is 87 months. That would be my sentence. It is 87 months as I apply it without consideration of Blakely. So it is the same amount of time.

3

[Transcript of Sentencing Hearing, October 7, 2004, at 14].

10. The Judgment in the case was filed on November 30, 2004. The first page of the Judgment, under a section titled "Title and Section Nature of Offense," lists only Counts I and II, the violations of 21 U.S.C. § 841(b)(1)(C). Count III is not listed in this section, although it is mentioned elsewhere in the Judgment. [Doc. 70 in CR 03-2486].

11. Corchado appealed his conviction and sentence. On October 25, 2005, the Tenth Circuit Court of Appeals, in a published opinion, affirmed the decision of the district court. United States v. Corchado, 427 F.3d 815 (10th Cir. 2005). Corchado thereafter petitioned the United States Supreme Court for a writ of certiorari, which was denied on April 17, 2006. Corchado filed this present Motion to Vacate on April 16, 2007.

Asserted Grounds for Relief

12. Corchado asserts four grounds for relief in his Motion to Vacate:

Ground One: Corchado alleges that he received a two-level increase in his sentence for using a minor to commit the offense, and that this violated his Due Process rights. He claims that his minor brother's drug trafficking activities "could not have been reasonably foreseen," and there was no prima facie showing of an "affirmative act" to indicate that Corchado directed, trained or engaged his minor brother to participate in the drug offenses.

Ground Two: The trial court sentenced him under a mandatory Sentencing Guideline scheme rather than using the Guidelines as advisory only, thus violating his Fifth and Sixth Amendment rights.

Ground Three: The court enhanced his sentence based on a finding that he obstructed justice by committing perjury at trial. This finding was not based on the court's independent evaluation, but rather on the mere fact that the jury did not believe his testimony.

4

Ground Four:  The Judgment lists only Counts I and II, "which is erroneous and does not reflect the offenses in which the Court imposed it's [sic] prison term upon the Movant."

13.  The Court will separately address each asserted ground for relief.

Ground One:  Enhancement for Use of a Minor in Drug Offense

14.  Corchado argues that the trial judge unconstitutionally enhanced his sentence for using or attempting to use a minor to commit a drug offense, without requiring a prima facie factual showing that Corchado directed, trained, or affirmatively engaged his minor brother to participate in drug trafficking activities.

15.  This issue was not raised on appeal, and it is therefore procedurally barred.  "Review under § 2255 is not an alternative to appellate review for claims that could have been presented on direct appeal but were not."  United States v. Magleby, 420 F.3d 1136, 1139 (10th Cir. 2005), *cert. denied*, 547 U.S. 1097, 126 S. Ct. 1879 (2006).  This procedural bar may be overcome if the movant can establish good cause for not raising the issue earlier and actual prejudice to his defense from the court's failure to consider the claim; or else a fundamental miscarriage of justice, for instance, if the movant can present new evidence in the post-conviction proceedings to show that constitutional error probably resulted in the conviction of one who was actually innocent.  United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004).

16.  Corchado has not alleged any "good cause" for not raising this issue on appeal, nor has he come forth with any new evidence to support his claim of actual innocence.  The Court therefore need not review his claim under Ground One.  However, even if the Court were to consider the claim, it is apparent that it is meritless.

17.  Corchado was accused in the indictment of violating 21 U.S.C. § 861(a)(1), which makes

it unlawful for a person over the age of eighteen to knowingly and intentionally "employ, hire, use, persuade, induce, entice, or coerce, a person under eighteen years of age" in a drug-related offense. The jury found beyond a reasonable doubt that Corchado violated this section.

18.   Nevertheless, Corchado argues that it was error to enhance his sentence for use of a minor to commit the offense.  Corchado points to U.S.S.G. § 3B1.4, which provides for a two-level adjustment if the defendant "used or attempted to use a person less than eighteen years of age to commit the offense."  Corchado claims that "[t]he testimony and evidence presented at trial clearly established that Movant's minor brother's drug trafficking activities could not have been reasonably foreseen, and . . . [t]here was no affirmative act in which the Movant directed, trained, or in some way affirmatively engaged his minor brother participant [sic] in the crime of conviction."

19.   Corchado erroneously cites to U.S.S.G. § 3B1.4.[2]  That section was not used to enhance his sentence; it did not come into play at all in his case.  Rather, the involvement of a minor was the basis for setting the base offense level,  pursuant to U.S.S.G. § 2D1.2(a)(3), which provides for a base offense level of 26 "if the offense involved a person less than eighteen years of age."

20.   Thus, the Court was not required to determine whether Corchado directed his minor brother's behavior in some affirmative way, as Corchado contends, or "used" him in the offenses; the fact that the brother was involved was sufficient to establish the base offense level at 26.

21.   In any event, the jury's determination that Corchado violated 21 U.S.C. § 861(a)(1) conclusively establishes that a minor was involved and precludes Corchado's argument that the sentencing court failed to make a "prima facie showing" that he "used or attempted to use" a minor in the commission of the drug offense charged in Count II.

---

[2]As does the Government in its Answer [Doc. 7, at 3].

22.  There is no basis for habeas relief on Ground One.

### Grounds Two and Three: Blakely/Booker Violations

23.  In Ground Two, Corchado contends that the sentencing court used the Sentencing

Guidelines scheme as mandatory, rather than advisory only.  In Ground Three, he argues that the

sentence enhancement for obstruction of justice due to on perjury at trial was based not on the court's

independent judgment but rather on the mere fact that the jury did not believe his testimony.

24.  Corchado raised both of these issues on direct appeal, and they were rejected by the

Tenth Circuit.  The Court of Appeals noted that Judge Armijo correctly calculated Corchado's

sentence by starting with a base offense level of 26, then enhancing that by two points for obstruction

of justice by lying under oath at the trial in accord with U.S.S.G. § 3C1.1, then adding two points to

Corchado's criminal history category for committing the drug offense while on probation, thus

placing him in criminal history category II.  The Sentencing Guideline range for this profile is 87 to

108 months, and Judge Armijo sentenced Corchado to the low end of the guideline, 87 months.

However:

> Mindful that the [then very recent] Blakely decision may extend to the
> federal sentencing guidelines, the district court imposed alternative
> sentences.  The district court found that if Blakely did not apply, an
> offense level of 28 and a criminal history category of II resulted in a
> sentencing guidelines range of 87 to 108 months.  Using that guideline
> range, the judge imposed a sentence of 87 months.  Then, considering
> the Blakely principles, the court eliminated the two-level enhancement
> for obstruction of justice, dropping the sentencing range to 70 to 87
> months.  The court announced that if it applied the principles in
> Blakely, the court would still sentence Defendant to 87 months.

United States v. Corchado, *supra*, at 819.  Judge Armijo refused to apply Blakely to decrease

Corchado's criminal history category to I, on grounds that Corchado's on-probation status at the time

of the offense was a fact of "prior conviction," and therefore not subject to Blakely.

25.  The Tenth Circuit held that the district court appropriately followed the Blakely principle, and that of United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), which came down after Corchado's sentence but before his appeal was decided, and which extended Blakely and rendered the federal Sentencing Guidelines advisory, rather than mandatory.

26.  The Court of Appeals entirely approved the district court's refusal to decrease Corchado's criminal history category on grounds the probation status was a fact of "prior conviction" and therefore subject to factfinding by the judge, citing an earlier unpublished decision, United States v. Pineda-Rodriguez, 133 Fed. Appx. 455, 458-59 (10th Cir. 2005).

27.  The Court of Appeals further noted in its opinion on Corchado's direct appeal that, although the district court "undoubtedly engaged in judicial fact-finding by enhancing Defendant's offense level from a 26 to 28 based on obstruction of justice," the increase in offense level did not actually increase Corchado's sentence, because the court imposed an alternative sentence.  As noted above and as reflected in the transcript of the sentencing hearing, Judge Armijo found that, without application of the two-level enhancement, Corchado's offense level of 26 would result in a Guideline range of 70 to 87, rather than the 87 to 108 range resulting from an offense level of 28.  In either case, the district court said, it would impose an 87-month sentence.  When judicial fact-finding does not actually cause an increase in the sentence, the Tenth Circuit held, there is on constitutional error. United States v. Corchado, *supra*, at 820-21.

28.  The above reasoning and legal analysis is sound, and this Court would not rule otherwise if it were to reach the issue.  The Court does not reach it, however, because Corchado already raised the precise issue in his appeal, and "[a]n issue disposed of on direct appeal will generally not be

reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. Section 2255." United States v. Nolan, 571 F.2d 528, 530 (10th Cir. 1978); *see also* United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).  Only an intervening change in the law of the circuit would enable this Court to consider the issue.  Id..

29.  Corchado had a full and fair opportunity to litigate these issues in his direct appeal, and no relevant change in Circuit law has occurred since Corchado's appeal was decided so as to render these questions subject to reexamination in this collateral attack.

30.  Grounds Two and Three provide no basis for habeas relief.

<u>Ground Four:  Judgment Fails to Reflect the Offenses of Conviction</u>

31.  In Ground Four, Corchado asserts that "the judgment does not reflect the offenses in which the court erroneously imposed it's [sic] prison term against the movant."   Corchado's complaint in this Ground is somewhat unclear, but it appears that he faults the Judgment for listing only two of the counts on which he was convicted, rather than all three.

32.  As noted above, Corchado was tried on all three counts and was convicted by the jury on the three counts, including two counts of distributing heroin and one count of using a minor to engage in the violation of a drug-related offense.  The Judgment sheet lists only the first two counts and fails to note the third.

33.  While this omission does appear to be a technical defect in the Judgment, it does not provide ground for habeas relief.  The first page of the Judgment states that Corchado was "found guilty on counts I, II, and III of Indictment," and on page 2 the Judgment reads, "This term is imposed as to each of Counts I, II and III; said terms shall run concurrently."  As the Government points out, it is apparent from the Judgment as a whole that it intends to incorporates all three counts

9

of the indictment.  The fact that Count III was not listed under the section "Title and Section Nature

of Offense" does not compel the conclusion that Corchado's conviction was invalid.

> [C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error . . . .  [T]he appropriate inquiry was whether the claimed error of law was a fundamental defect which inherently results in a complete miscarriage of justice, and whether it presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

Davis v. United States, 417 U.S. 333, 346, 94 S. Ct. 2298, 2305 (1974) (internal punctuation

omitted).

34.  *See also*, United States v. Naha, No. Civ. 04-977, 2007 WL 91614, at *11 (D. Ariz. Jan.

11, 2007) (one-digit error in notation of defendant's Social Security number on a judgment represents

a "technical defect" which does not rise to the level of a due process violation).  It has also been held

that a technical defect, even in an indictment or information, does not provide grounds for habeas

relief unless the defendant can show he suffered prejudice therefrom.  United States v. Walker, 132

F. Supp. 432, 435 (S.D. Cal. 1955); Cisneros v. United States, 322 F.2d 948 (9th Cir. 1963); United

States v. Poindexter, 293 F.2d 329, 333 (6th Cir. 1961).  And the Tenth Circuit, citing with approval

the Supreme Court case of Davis v. United States, *supra*, held that a mere technical violation of Rule

11 in advising a defendant during a plea colloquy does not provide grounds for collateral relief, where

the failure did not rise to the level of a miscarriage of justice.  United States v. Sisneros, 599 F.2d 946

(10th Cir. 1979).

35.  The Court finds no basis for habeas relief in Ground Four.

## **Recommended Disposition**

That Corchado's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §

2255 be denied, and this case be dismissed with prejudice.


Lorenzo F. Garcia
Chief United States Magistrate Judge