IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

vs.                                                   CIVIL NO. 07-372 MCA/LFG
                                                       CRIM. NO. 03-2486 MCA

GERARDO CORCHADO,

        Defendant-Movant.

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING ACTION WITH PREJUDICE

**THIS MATTER** comes before the Court on the *Magistrate Judge's Findings and Recommended Disposition* [Doc. 14], filed July 17, 2007, and on the Objections thereto, filed October 22, 2007 by Defendant-Movant Gerardo Corchado ("Corchado").[1] For the reasons given below, the Court overrules Corchado's Objections and adopts the *Magistrate Judge's Findings and Recommended Disposition*.

Corchado objects to the Magistrate Judge's *Findings*, arguing that the Court sentenced him under a mandatory Sentencing Guideline scheme rather than using the Guidelines as advisory only. However, as the Magistrate Judge noted in the *Findings*, this Court rendered alternative sentences, finding that the sentences would be the same whether the Court followed the Guidelines, or whether

---

[1] Corchado filed two pleadings [Docs. 29 and 30], both titled "Movant's Brief in Support on Objections to Magistrate Judge's Findings and Recommended Disposition." The first was docketed as "Objections" and the second docketed as "Memorandum in Support re: Objections." These two documents being identical, the Court will refer to Doc. 29 only in this Order.

the Court followed the principles of the then recently enacted Blakely v. Washington, 542 U.S. 296 (2004).  On Corchado's direct appeal, the Tenth Circuit concluded that the procedure followed by the sentencing court, and the result reached, violated neither Blakely, nor United States v. Booker, 543 U.S. 220 (2005), which was decided during the pendency of the appeal.

Issues disposed of on direct appeal will not be reconsidered upon collateral attack under 28 U.S.C. § 2255.  United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989).  This principle applies as well to Corchado's next argument, that the Court found that Corchado obstructed justice by committing perjury but failed to make specific factual findings regarding the false testimony and intent.  As noted in the Magistrate Judge's *Findings*, these issues were raised by Corchado on direct appeal and rejected by the Tenth Circuit.  The appellate court found that although the district court did engage in judicial fact-finding, that procedure did not result in an increase in Corchado's sentence; thus, the Court of Appeals rejected Corchado's argument on this point.  This Court cannot reconsider that ruling in this § 2255 action.  United States v. Prichard, *supra*.

Corchado also faults the Magistrate Judge's *Findings* with respect to his claim that the *Judgment* in this case did not accurately reflect the offenses of conviction.  This Court agrees with the Magistrate Judge's analysis that the *Judgment* did, in fact, accurately reflect the appropriate offenses.  The fact that only two counts were listed on the first page of the *Judgment*, rather than the three counts of which Corchado was convicted, was a technical error that does not affect the validity of the document.  The three counts were referred to in two other places in the *Judgment*, and it is apparent from the *Judgment* as a whole that it was intended to incorporate all three counts.

> [C]ollateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule of criminal procedure in the absence of any indication that the defendant was prejudiced by the asserted technical error . . . .  [T]he appropriate inquiry [is] whether the claimed error of law was a fundamental

>   defect which inherently results in a complete miscarriage of justice,
>   and whether it presents exceptional circumstances where the need for
>   the remedy afforded by the writ of habeas corpus is apparent.

Davis v. United States, 417 U.S. 333, 346 (1974) (internal punctuation omitted). The technical error in the *Judgment* in this case does not present exceptional circumstances compelling the need for habeas relief.

**IT IS, THEREFORE, ORDERED** that Corchado's Objections [Doc. 29] are overruled;

**IT IS FURTHER ORDERED** that the *Magistrate Judge's Findings and Recommended Disposition* [Doc. 14] is adopted by the Court;

**IT IS FURTHER ORDERED** that the Motion to Vacate, Set Aside or Correct Sentence [Doc. 1] is denied and this action is dismissed with prejudice.

**SO ORDERED** this 25th day of October, 2007, in Albuquerque, New Mexico

_____10-25-07
  **M. CHRISTINA ARMIJO**
  UNITED   STATES   DISTRICT   JUDGE

3